```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KAREEM WHITE                         :      CIVIL ACTION
                                     :
         v.                          :
                                     :
SUPERINTENDENT,                      :
CHARLES ERIKSON, et al.              :      NO. 04-04395-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        July 21, 2005

   Petitioner was not represented by counsel when he filed his habeas corpus petition, but all of the issues raised had also been raised on direct appeal in the state court system, and petitioner had the advantage of the appellate briefs filed by his counsel in state court.  The magistrate judge to whom the case was referred for a report and recommendation has filed a remarkably thorough and complete Report recommending that the petition be denied.  The Report runs to 23 pages, and (commendably) has many of the attributes of a law review article.

   Petitioner has now filed a motion which seeks the appointment of counsel, and requests an extension of time for objecting to the magistrate's Report.  While it is understandable that petitioner may now feel that he needs counsel in order to address the formidable Report submitted by the magistrate judge, I am satisfied that his habeas corpus petition is totally lacking in merit, and that no useful purpose would be served by appointing counsel at this late date.

The issues raised by the petition are relatively straightforward.  Petitioner first complains that he was improperly denied a severance at trial, and that out-of-court statements by co-defendants which implicated petitioner were improperly introduced in evidence, in violation of his constitutional rights under Bruton v. United States, 391 U.S. 123 (1968).  Petitioner was tried jointly with Andre Williams and Andre Wilson.  Another co-defendant, Kenyatta Johnson, testified for the Commonwealth at trial, to the effect that, in a joint conversation with him, all three of the defendants on trial had admitted taking part in the robbery with which they were charged.  Obviously, there was no Bruton violation in the admission of that testimony.

Petitioner further complains that the prosecutor failed to disclose the existence of exculpatory evidence (statements made by certain witnesses to the FBI).  The state courts have determined, however, that these statements did not come into the possession of the state authorities until after trial; and, of greater importance, the statements are in no way exculpatory.  These conclusions are obviously correct.

Finally, petitioner complains of allegedly erroneous rulings made in connection with the cross-examination of various witnesses.  These are matters of state law, to be determined by the state courts.  The alleged errors could not possibly amount

to a constitutional violation, even if the rulings were erroneous (which they were not).

For all of the foregoing reasons, I decline to appoint counsel, and will approve the magistrate's Report and Recommendation.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT, | : | |
| CHARLES ERIKSON, et al. | : | NO. 04-04395-JF |

ORDER

         AND NOW, this 21st day of July 2005, upon consideration of the Magistrate Judge's Report and Recommendation, and petitioner's motion for the appointment of counsel and an extension of time to respond to the magistrate's Report, IT IS ORDERED:

        1.   The motion for appointment of counsel is DENIED.

        2.   The Report and Recommendation of United States Magistrate Judge Diane M. Welsh is APPROVED and ADOPTED.

        3.   The Petition for Writ of Habeas Corpus is DENIED.

        4.   Petitioner's motion for an extension of time to respond to the magistrate's Report is DENIED.

        5.   There is no basis for issuing a certificate of appealability.

        The Clerk is directed to close the file administratively.

                                                  BY THE COURT:

                                                  /s/ John P. Fullam
                                                  John P. Fullam, Sr. J.